JOHN F. HERBERT, Appellant, v. THE OTTO GERDAU COMPANY, Respondent.

*Contract — effect of admissions in pleadings.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the clerk's office of Ulster county on the 14th day of December, 1916, and also from an order entered on the 9th day of January, 1917, denying the plaintiff's motion for a new trial upon the minutes.

JOHN M. KELLOGG, P. J.: Plaintiff's evidence tended to show a contract for the sale of split bamboo and reeds and that the agreement was not in writing but a part of the bamboo was delivered. It was, therefore, error to take from the jury the question of the reeds, but that error might not be a cause for reversal if it was clear that the judgment rests upon a finding that the contract was canceled. Two questions, however, were submitted to the jury: (1) Whether there was a mutual cancellation of the contract; and (2) whether the contract was made with the plaintiff or the plaintiff's corporation. The verdict, therefore, may rest upon the conclusion that there was a settlement, or that the contract was not made with the plaintiff and, therefore, he could not recover upon it. The answer alleged a contract between the plaintiff and the defendant and the cancellation of it, and that the contract alleged by it is the contract mentioned in the complaint. I think that is an admission of record that the contract upon which recovery is sought was made between the plaintiff and the defendant. The evidence did not destroy the effect of that admission, but tended to show that it was correct. I, therefore, favor a reversal. All concurred, except Cochrane and H. T. Kellogg, JJ., dissenting. Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.